[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#109)
On February 22, 1994 the plaintiff, George Dancho, filed a five count substitute complaint against the defendant, Bridgeport Hospital. At oral argument on August 30, 1994, the parties agreed that the February 22, 1994 complaint is the operative complaint. Count one alleges that Bridgeport Hospital breached an express contract with Dancho. Count two alleges that Bridgeport Hospital breached this express contract to follow certain grievance procedures. Count three alleges that Bridgeport Hospital breached the contract to offer Dancho counseling before termination. Count four alleges that Bridgeport Hospital is promissorily estopped from terminating Dancho's employment. Count five alleges that Bridgeport Hospital negligently misrepresented Dancho's employment status with it.
The facts alleged are that on October 5, 1987 Bridgeport CT Page 11905 Hospital hired Dancho as a materials clerk. During his employment, Dancho received a copy of the employee handbook. The employee handbook provides, inter alia, that an employee experiencing work-related problems or other problems affecting work would receive counseling for such problems. The employee handbook further provides that if any problem requires the hospital to take disciplinary action, the discipline would proceed sequentially: oral warning, written warning, probation, suspension, and discharge.
On May 8, 1992 an employee at Bridgeport Hospital complained to her supervisor that Dancho directed foul language towards her when she requested that Dancho remove a cot from a hospital corridor. At a meeting between Dancho and his supervisor, Dancho explained that he had cursed under his breath out of frustration when he, as directed, attempted to move the cot that was caught on a doorknob. Later that day, the supervisor suspended Dancho for one week pending an investigation to the incident. Three days later, on May 11, 1992, Bridgeport Hospital discharged Dancho without explanation and without affording him the opportunity to present in more detail his account of the incident. Dancho sent grievance letters to the hospital in accordance with the grievance procedures set forth in the employee handbook, yet he never received any response as required by the handbook. Prior to his discharge, Dancho never received a written warning, probation or suspension as a result of disciplinary procedures.
Bridgeport Hospital has moved for summary judgment on each of the five counts claiming that no material issues of genuine fact exist and that it deserves judgment as a matter of law. The defendant submitted, in addition to a memorandum of law, an uncertified copy of a portion of Dancho's deposition transcript, a copy of Bridgeport Hospital's employee handbook for employees of Bridgeport Hospital, a copy of Dancho's receipt of the handbook and an affidavit from Geraldine Gemza, Director of Human Relations at Bridgeport Hospital.
Dancho filed a memorandum in opposition on April 7, 1994 together with a copy of Bridgeport Hospital's employee handbook, an affidavit from himself and an uncertified copy of a portion of his deposition.
The defendant's motion for summary judgment is denied because the court finds that there exists a genuine issue of CT Page 11906 material fact as to whether the terms of the employee handbook constitute a contract, are the basis for reasonable reliance and are accurately represented.
"Summary judgment is a method of resolving litigation when pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Wilson v. New Haven, 213 Conn. 277, 279 (1989). The court shall render summary judgment "forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving parties entitled to judgment as a matter of law. " Practice Book § 384. Accordingly, the courts task is "issue finding, rather than issue determination. . . ." Yanow v. Teal Industries, Inc.,178 Conn. 262, 269 (1979).
The moving party bears "the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." Suarez v. Dickmont PlasticsCorporation, 229 Conn. 99, 105 (1994). "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw,193 Conn. 442, 445 (1984). When reviewing the evidence presented by the parties, "the trial court must view the evidence in the light most favorable to the nonmoving party." Lees v. MiddlesexInsurance Company, 229 Conn. 842, 849 (1994).
Because the court must view the evidence in the light most favorable to the nonmoving party, neither the quoted passage cited by Bridgeport Hospital and relied upon by Bridgeport Hospital nor any other passage contained in Bridgeport Hospital's employee handbook expressly disclaims that the handbook has any contractual significance. This precise language contained in the handbook presents a material issue of fact that precludes the issuing of summary judgment.
"A fundamental element of promissory estoppel is the existence of a clear and definite promise which could reasonably have expected to induce reliance. Thus, a promisor is not liable to a promisee who has relied on a promise if, judged by an objective standard, he had no reason to expect any reliance at all." D'Ulisse-Cupo v. Board of Directors of Notre Dame HighCT Page 11907School, 202 Conn. 206, 213 (1987). A cause of action for promissory estoppel does not exist when the alleged promises "are neither sufficiently promissory nor sufficiently definite to support contractual liability." Id., 214. An employer's promise to follow a system of progressive discipline may be clear and definite enough to support an action for promissory estoppel. In his affidavit, Dancho states that he believed that he could only be fired after he proceeded through the progressive discipline policy of the hospital. The employee handbook sets forth the definite steps on which Dancho claims to have relied. Although Bridgeport Hospital denies that it extended any promises to Dancho, an unresolved question of material fact precludes granting summary judgment.
With respect to the allegation of negligent misrepresentation, the defendant contends that it did not provide any false information because the disclaimers in its employee handbook have always notified employees that they could be discharged at will. Dancho argues that although the handbook informs the employees that they will not be terminated without just cause, this information is incorrect. Dancho further contends that he relied on this false information by not seeking other employment. This count essentially relies on to same statements in the employee handbook that are an issue in counts one, two and three. The question of whether the defendant represented to the plaintiff that he could only be fired after receiving counseling or proceeding through the progressive discipline system set forth in the handbook is a question of material fact.
Accordingly, the motion for summary judgment is hereby denied as to all five counts.
EDDIE RODRIGUEZ, JR., JUDGE